[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE ISSUE BEFORE THE COURT
Whether the plaintiff's motion to strike the defendant's revised counterclaim should be granted because it attempts to join a cause of action sounding in tort with a cause of action alleging breach of contract, an impermissible joinder of causes of action pursuant to Practice Book 133 and General Statutes 52-139.
In his complaint dated July 19, 1993, the plaintiff alleges a balance due for legal services rendered by the plaintiff, Charles Irving, to the defendant's decedent, James J. Vincent and alleges a disallowance of the plaintiff's claim by the defendant as executor of the estate of James J. Vincent.
On March 12, 1993, the defendant filed an answer to the three counts of the plaintiff's complaint and further filed a counterclaim alleging that at an unspecified date the defendant's decedent placed with the plaintiff certain items of personal property, identified as "tall paintings" and "one statue" and further alleging a refusal to return the items on CT Page 9697 the part of the plaintiff.
On March 22, 1993, the plaintiff filed a request to revise, requesting that the defendant revise the allegations of the counterclaim, in particular to state the date of the alleged delivery of said items of personal property by the defendant's decedent to the plaintiff as well as a description of the items of personal property allegedly held by the plaintiff. No objection was filed by the defendant in response to this request to revise.
On June 7, 1993, the defendant filed a "Compliance With Request to Revise" (revised counterclaim) in which the defendant revised paragraph five of his counterclaim, describing the items of personal property as fourteen paintings and one statue, and attaching an Exhibit A describing twelve items of personal property.
On September 30, 1993, the defendant filed a "Motion for Default Against Plaintiff on Cross Complaint". As no cross complaint exists in the file, the defendant appears to have moved for default for failure to plead to his revised counterclaim. On September 30, 1993, the court granted the defendant's motion for default for failure to plead.
On October 4, 1993, the plaintiff filed a motion to strike the defendant's revised counterclaim and an accompanying memorandum of law alleging that the counterclaim attempts to join a cause of action sounding in tort with a cause of action alleging breach of contract, an impermissible joinder of causes of action pursuant to Practice Book 133 and General Statutes52-139. On October 14, 1993, the defendant filed a memorandum of law in opposition to the plaintiff's motion to strike the defendant's revised counterclaim.
Practice Book 363A provides, in pertinent part:
 Where a defendant is in default for failure to plead pursuant to Sec. 114, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.
To have a default set aside "automatically," the defaulted party must file an answer before judgment on the CT Page 9698 default is entered. Practice Book 363A; Capozziello v. Board of Education, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 287098 (October 30, 1992). "Practice Book 363A permits only the filing of an `answer' after a party has been defaulted." Torok v. Ray Proof, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 113204 (February 2, 1993).
If there is no indication that a defaulted party has moved to open the default pursuant to Practice Book 376, the court is precluded from ruling on that party's motion to strike. Catalina v. General Accident Insurance Co., Superior Court, Judicial District of Waterbury, Docket No. 109676 (February 1, 1993); Neiman Marcus Group, Inc. v. Meehan, 5 CSCR 898
(September 19, 1991, Schaller, J.). (After default had entered, the court refused to entertain defendant's motion to strike because defendant had not moved to open the default pursuant to Practice Book 386 "which would allow for the filing of a motion to strike.") Because the plaintiff in the present case has not moved to open the default, the filing of an answer would be the only appropriate course of action. Therefore, the plaintiff's motion to strike the defendant's revised counterclaim is not properly before the court.
Austin, J.